UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAMUEL R. HAYES, III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ATL HAWKS, LLC and )<br>JASON PARKER, )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION FILE NO.<br><br>1:17-cv-02510-MLB-LTW |

**CONSENT PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown, the Court hereby issues this Consent Protective Order with respect to the confidential and proprietary commercial information which may be exchanged between Plaintiff Samuel R. Hayes, III ("Plaintiff") and Defendants ATL Hawks, LLC and Jason Parker ("Defendants") during the course of discovery in this action.

**IT IS HEREBY ORDERED** that the confidential and proprietary information described in this Order, whether in the form of documents (electronic or otherwise) or testimony, shall be protected and governed as follows:

1. Any party may designate as "Confidential" any Discovery Materials that are deemed in good faith by that party to embody, reflect, or disclose

(a) trade secrets, (b) non-public information of a sensitive or proprietary nature, (c) documents or materials whose disclosure is prohibited by a court-ordered injunction, (d) wage or salary information, disciplinary records, and records alleging wrongdoing by Plaintiff or any other current or former employees of the corporate Defendant, (e) the parties' financial and tax information, (f) the personal identity information of Plaintiff, any current or former employees of the corporate Defendant, or their respective family members or beneficiaries, or (g) medical and past employment information (including wage and salary information) related to Plaintiff or any current or former employees of the corporate Defendant. Such information is not otherwise available to the public and "good cause" exists for entering this Order in order to protect the parties from the disclosure of personal or proprietary information. This Order is limited to documents and information exchanged between the parties during discovery and does not authorize the filing of such documents under seal. Documents produced in discovery claimed by the party producing same to be "confidential," shall be stamped or otherwise marked with the designation, "CONFIDENTIAL". Any documents (including briefs), tangible things, or information designated as "Confidential" that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or

during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

2.  A party may designate any portion of any deposition testimony as "Confidential" (as defined above) at any time prior to a deposition, during a deposition, or after the close of the deposition, as next described. Within thirty (30) days of receipt of the transcript for review, the party invoking the "Confidential" designation must identify those portions of the final transcript which will remain protected by designating as "Confidential" pages of the transcript in a letter to opposing counsel.

3.  At any time after the production of any materials designated as Confidential by one party, any other party to this Order may serve a notice of objection, by letter, to such designation stating the reasons for such objection. The parties shall make a good faith effort to confer verbally and to resolve any disagreement over any objection to a "Confidential" designation of documents or information. Should the parties be unable to resolve the issue raised by the objection, the designating party may thereupon, by motion, seek a ruling from this Court with respect to the merits of the designation. The burden of proving the appropriateness of the designation pursuant to this Order shall be upon the party designating the materials as confidential.

4. Discovery Materials designated as "Confidential" may only be made available to (a) counsel of record for any party, and the legal associates, clerical or support staff of such counsel assisting in the preparation of this action, (b) a party, or independent experts, or potential experts, or any other person employed or retained by counsel for the purpose of assisting counsel in this action, after said person has executed and delivered to counsel contemplating the disclosure such person's written acknowledgment, agreement and consent to abide by the terms of this Protective Order, and (c) witnesses, court personnel and court reporters at any proceedings held in open court in connection with this action.

5. Any person receiving Confidential Discovery Materials shall safeguard their confidentiality and shall not reveal or discuss such materials to or with any person or entity not entitled to disclosures herein provided.

6. The parties acknowledge and agree that if documents or information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it

before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. The parties further acknowledge and agree that production of privileged or work-product protected documents, electronically stored information, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Consent Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information, or other information for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

7. The parties agree to redact certain identifying information contained in documents filed with the Court, such as social security numbers and addresses as required by the Local Rules and Standing Orders of the United States District Court for the Northern District of Georgia.

8. Upon termination of this action, including any appeals thereof, within thirty (30) days of a written request, the parties shall return all copies of Confidential Discovery Materials or represent that all copies have been destroyed.

9. The parties acknowledge and agree that even though documents may be marked as Confidential for purposes of discovery, such designation does not prevent a party from submitting or filing any such materials with the Court as evidence in this matter.

10. This Order does not, in itself, authorize the filing of any documents under seal. Documents may be filed under seal only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter shall abide by the applicable Federal Rules of Civil Procedure, local rules, standing orders, and any other orders entered in this matter with regard to the filing of materials under seal.

11. By the entry of this Order, the parties shall not be deemed to have waived any objection available to them in response to any discovery request.

12. This Order is without prejudice to the rights of any party to seek its modification or amendment by further order of this Court. The parties have consented to the entry of this Protective Order upon the express condition that they reserve the right to seek relief or supplemental order of this Court if the provisions of this Protective Order would later result in undue burden or expense or would undermine counsels' ability to represent their clients in this case.

SO ORDERED, this __30__ day of __March__, 2018.

_____
HONORABLE LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

Consented to by counsel:

| | |
|---|---|
| /s/ Louise N. Smith | /s/ Joseph M. Murray, Jr. |
| Louise N. Smith<br>Georgia Bar No. 131876<br>louise@smithlaw-llc.com | Tamika R. Nordstrom<br>Georgia Bar No. 582784<br>tnordstrom@constangy.com |
| William J. Smith<br>Georgia Bar No. 710280<br>william@smithlaw-llc.com | Joseph M. Murray, Jr.<br>Georgia Bar No. 531999<br>jmurray@constangy.com |
| SMITH LAW, LLP<br>3611 Braselton Highway<br>Suite 202<br>Dacula, Georgia 30019<br>(678) 690-5288<br>(844) 828-5645 (facsimile) | CONSTANGY, BROOKS, SMITH<br>& PROPHETE, LLP<br>230 Peachtree St., N.W., Suite 2400<br>Atlanta, Georgia 30303<br>(404) 525-8622<br>(404) 525-6955 (facsimile) |
| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANTS |