IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Samuel R. Hayes, III,

                Plaintiff,      Case No. 1:17-cv-02510

v.                                      Michael L. Brown
                                           United States District Judge
ATL Hawks, LLC and Jason
Parker,

                Defendants.

_____/

## **ORDER**

The Court granted Defendants' summary judgment motion in December 2019. (Dkts. 128; 129.) Defendants have since filed their bill of costs for $16,811.27. (Dkt. 130.) Plaintiff asks the Court to reduce that amount by $9,806.50. (Dkt. 134.) The Court denies Plaintiff's motion. The Court does, however, reduce Defendants' taxable costs to $14,872.27 because Defendants have voluntarily agreed to that reduction.

## I.   Legal Standard

"Prevailing parties are entitled to receive costs under Fed. R. Civ. P. 54(d)." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). "Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920." *Schultz v. Ashcroft*, 174 F. App'x 534, 540 (11th Cir. 2006). Section 1920 limits taxable costs to the following categories:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## II.   Discussion

Plaintiff claims Defendants are not entitled to costs for electronic discovery, service of process, and a videotaped deposition. (Dkt. 134.) The Court disagrees.

### A. Electronic Discovery

Defendants seek $5,687.50 in costs for "conversion of emails from native format to Tiff for production." (Dkts. 130 at 1; 130-4 at 1.)[1] Defendants paid a vendor $250 per hour (for 22.75 hours) to complete the document conversion. (Dkt. 130-4.) They produced more than 35,000 pages by September 2018, as well as other documents in the months that followed. (*See* Dkts. 48 at 4; 49 at 1–2, 12–13; 91.) Contrary to Plaintiff's assertion, Defendants' electronic discovery costs are both reasonable and recoverable. *See Alexsam, Inc. v. WildCard Sys., Inc.*, 2019 WL 2245420, at *7 (S.D. Fla. Feb. 13, 2019) ("Defendants should recover for . . . converting documents to a Tagged Image File Format (TIFF)."); *HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 2018 WL 1863778, at *10 (M.D. Fla. Mar. 26, 2018) ("[T]he costs of digitizing paper documents and making duplicates of electronic documents are recoverable."); *Eisai*, 2015

---

[1] "'TIFF' stands for 'Tagged Image File Format.' A TIFF file format involves converting the data from its original form into an image." *United States v. Eisai, Inc*, 2015 WL 11181727, at *5 n.7 (S.D. Fla. Mar. 30, 2015). "TIFF is the agreed-upon default format for production of [electronically stored information]." *Akanthos Capital Mgmt., LLC v. CompuCredit Holdings Corp.*, 2 F. Supp. 3d 1306, 1316 n.11 (N.D. Ga. 2014).

WL 11181727, at *5 ("[T]he conversion of native files to TIFF . . . [is] generally recognized as the taxable 'making copies of material.'").

### B.  Service of Process

Defendants initially sought $1,858.92 in costs for using a private company to serve summonses and subpoenas on six witnesses. (Dkt. 130-1.) Plaintiff objected because the U.S. Marshals could have done the job for much less. (Dkt. 134 at 2–3.) Defendants have since amended their request and now seek only $390 for serving the documents. (Dkt. 136 at 4.) That amount is what Defendants would have paid the U.S. Marshals. *See* 28 C.F.R. § 0.114(a)(3) (U.S. Marshals entitled to $65 per hour, plus costs, "[f]or process served or executed personally"). Defendants are entitled to costs in this amount. *See Trieu, LLC v. Ho*, 2014 WL 5320560, at *1 (M.D. Fla. Oct. 17, 2014) ("In this circuit, private process server fees may be taxed as long as they do not exceed the fee the marshals are authorized to collect."); *Norwood* v. *State Farm Mut. Auto. Ins. Co.*, 2006 WL 8431352, at *1 (N.D. Ga. Apr. 28, 2006) ("Private process server fees are appropriately taxed if they do not exceed the statutory fees of the marshal.").

C.     **Videotaped Deposition**

Defendants seek $1,790 in costs for videotaping Plaintiff's deposition. (Dkt. 130-2 at 11.) "[W]hen a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996). The notice of Plaintiff's deposition indicated that the deposition would be videotaped. (*See* Dkt. 58.) There is no evidence that Plaintiff objected. Courts in this District routinely award costs for videotaped depositions under these circumstances. *See, e.g.*, *Massey, Inc. v. Moe's Sw. Grill, LLC*, 2015 WL 5794175, at *2 (N.D. Ga. Oct. 5, 2015) ("As Plaintiffs make no argument that they objected to Defendants' use of video depositions, Plaintiffs' objection to $1,830 in costs for these video depositions is OVERRULED."); *Smith v. Lockheed-Martin Corp.*, 2010 WL 11506710, at *2 (N.D. Ga. Jan. 12, 2010) (Martin, J.) ("In light of the strong presumption in favor of awarding costs to the prevailing party and in the absence of any evidence

that Plaintiffs objected to this form of recording, the court refuses to exclude the costs associated with [several] video deposition[s].").[2] This Court likewise awards costs here.

Defendants have submitted an invoice for $1,790 from the videographer. (Dkt. 130-2 at 11.) Plaintiff does not contest the reasonableness of this amount or the necessity of the deposition. Defendants are therefore entitled to costs, in the amount sought, for videotaping Plaintiff's deposition.[3]

## III. Conclusion

The Court **DENIES** Plaintiff's Objection to Defendants' Bill of Costs and Motion to Review Taxing of Costs (Dkt. 134). The Court **DIRECTS** the Clerk to tax costs of $14,872.27 against Plaintiff.

---

[2] *See also Williams v. Gallup, Inc.*, 2017 WL 6271732, at *2 (N.D. Ga. Feb. 24, 2017); *ACMG of Louisiana, Inc. v. Towers Perrin, Inc.*, 2009 WL 10671022, at *2 (N.D. Ga. Sept. 25, 2009); *Dennis v. Waffle House, Inc.*, 2006 WL 8431236, at *3 (N.D. Ga. May 17, 2006); *Norwood*, 2006 WL 8431352, at *1 (all awarding costs for videotaped depositions because opposing party did not object).

[3] Plaintiff also objects to $470.08 in other deposition costs incurred by Defendants. (Dkt. 134 at 3–4.) Defendants have agreed to withdraw their request for those costs, so Plaintiff's objection is moot. (Dkt. 136 at 6.)

**SO ORDERED** this 27th day of April, 2020.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE